# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| HAR'RELL CHISOLM, PA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-159 |
| | ) | |
| 1ST BATTALION 75TH REGIMENT | ) | |
| EMPLOYEES OF THE U.S. ARMY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case involves civil claims arising from Staff Sergeant Avonye Chisholm's death. *See* doc. 1 (Complaint). Plaintiff, Staff Sergeant Chisholm's father, alleges several tort claims against various military personnel arising out his son's death during what the military states was a parachute training exercise, though plaintiff disputes the veracity of that claim. *See id.* at 4, 17-19. Plaintiff requests service of his Complaint and summons on defendants by a United States Marshal. *See* doc. 4.

In general, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Fed. R. Civ. P. 4(c)(1). Marshal service is mandated only for plaintiffs authorized to proceed *in forma pauperis* (IFP), *i.e.,* plaintiffs unable to pay the

Court's filing fee because of poverty, or seamen. Fed. R. Civ. P. 4(c)(3). Since plaintiff was not authorized to proceed IFP and does not allege he is a seaman, he is not entitled to Marshal service.

Although Marshal service is not mandated, "[a]t the plaintiff's request, the court *may* order" it. Fed. R. Civ. P. 4(c)(1) (emphasis added); *see also Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003) (court has discretion to order marshal service for non-IFP, non-seaman plaintiffs). In exercising its discretion the Court is "mindful that Congress amended Rule 4 primarily to relieve United States [M]arshals of the burden of serving summonses and complaints in private civil actions." *Bax*, 216 F.R.D. at 5 (quotes and cite omitted). Thus, "a plaintiff requesting service by the United States Marshal first must attempt service by some other means authorized by Rule 4." *Id.* (cites omitted). Plaintiff does not indicate any attempt to serve defendants, and the Court finds no reason to excuse him from making such an attempt.[1]

---

[1] Although the Court is mindful of plaintiff's *pro-se* status, such plaintiffs are not a group which Congress has identified as entitled to Marshal service. *See Bax*, 216 F.R.D. at 5. Further, plaintiff has informed the Court, in his Complaint, that he has experience as a paralegal. *See* doc. 1 at 3 (plaintiff is, among other titles, a "Self-Employed Paralegal"). Such training should allow plaintiff to at least attempt service by private means. In order to ensure that he has adequate time to attempt

Plaintiffs Motion for Marshal Service (doc. 4) is **DENIED**. He may renew his motion, including a full explanation of his attempts to serve defendants and the reasons those attempts were not successful, if necessary.

**SO ORDERED,** this 20th day of September, 2017.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

such service, and to renew his motion if necessary, the Court will proactively extend the deadline for him to perfect service. *See Bax*, 216 F.R.D. at 5 (*pro se* litigants are entitled to "latitude" to correct defects in service of process). Since plaintiff filed his Complaint on August 30, 2017, the deadline to perfect service is November 28, 2017. *See* Fed. R. Civ. P. 4(m). The Court will extend that deadline by 30 days. **Plaintiff must perfect service on or before December 28, 2017.**