```
HAR'RELL CHISOLM, PA            )
                                )
    Plaintiff,                  )
                                )
v.                              )   CV417-159
                                )
1ST BATTALION 75TH REGIMENT     )
EMPLOYEES OF THE U.S. ARMY,     )
                                )
    Defendants.                 )
```

## ORDER

The Court is again confronted with *pro se* plaintiff Har'rell Chisholm's difficulty perfecting service on the defendants. The Court denied his original request for service by a United States Marshal because he is not among those entitled to such service, under Fed. R. Civ. P. 4(c)(3), and he did not indicate any attempt at private service. *See* doc. 5. Plaintiff now renews his request and indicates that he unsuccessfully attempted service. *See* doc. 6.

Plaintiff's "Proof of Attempt of Service," which the Court construes as a renewal of his motion for Marshal service, indicates that a Chatham County, Georgia Sheriff's deputy attempted to serve "JAG" (presumably an office of the Army's Judge Advocate General's Corps) and was informed that "they will only accept service by Federal Marshal." Doc. 6

at 1.[1] Plaintiff now seeks Marshal service because "there is no other acceptance of service the JAG office at Hunter Army Airfield[] will allow." *Id.*

The Federal Rules of Civil Procedure provide specific instructions for serving the United States or "Its Agencies, Corporations, Officers, or Employees." *See* Fed. R. Civ. P. 4(i). Without expressing any opinion on whether the defendants, as identified in the Complaint, are properly named or subject to suit,[2] it appears that all are agencies or employees of

---

[1] The proof of service that plaintiff has submitted does reflect an unsuccessful service attempt, but the reason listed is illegible. *See* doc. 6 at 3. The submitted proof of service doesn't provide any further indication of where service was attempted or why it was refused.

[2] The Court is not convinced that it has jurisdiction over plaintiff's claims. He invokes the Court's subject matter jurisdiction under 28 U.S.C. §§1331 (presentation of a federal question) and 1343 (jurisdiction over civil rights claims). Doc. 1 at 2. His substantive claims include "intentional infliction of emotional distress, wrongful death, [and] gross negligence," arising out of his son's death while serving as a member of the United States Army Rangers and he seeks money damages. *See id.* at 4 (listing claims), 25-26 (seeking $300,000,000 in compensatory and punitive damages). Those claims appear to implicate the Court's jurisdiction under the Federal Tort Claims Act. *See* 28 U.S.C. § 1346(b)(1) (providing exclusive jurisdiction in United States District Courts of "civil actions on claims against the United States . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."). However, the United States Supreme Court has interpreted the Act to exclude "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950).

the United States. The information in plaintiff's motion does not indicate any attempt to comply with the provisions of Rule 4(i).

The Court again declines to order Marshal service. If plaintiff contends that he is unable to perfect service according to the terms of Rule 4(i) within the previously extended deadline, he may renew his motion for Marshal service, including a full explanation of his attempts to serve the United States pursuant to Rule 4(i)(1) and/or the relevant agencies or employees pursuant to Rule 4(i)(2) or (3).

**SO ORDERED,** this 5th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Plaintiff's Complaint indicates that his son's death may have occurred during "training" undertaken as a Ranger. *See, e.g.,* doc. 1 at 13-17 (indicating that plaintiff's son was injured during a parachute training exercise). However, the Complaint also includes allegations which imply that plaintiff does not accept that explanation. *See id.* at 17 (stating "Plaintiff only had to prove that his physically ill son SSgt Avonye' Chisholm was not on a parachute training proficiency jump, the evidence and exhibits shows he physically could not [sic]."). It is not clear whether, as a whole, the allegations are sufficient to survive a jurisdictional challenge, asserted either by the Court, *sua sponte*, or by a defendant. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Given the complexity of plaintiffs' allegations, the Court will not act on its jurisdictional concerns until the more immediate issues of service are resolved. If plaintiff is unable to perfect service through private means, however, a more thorough examination of the basis of the Court's jurisdiction may be undertaken before it authorizes the expenditure of public resources.