# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 2:39 pm, Mar 08, 2018

|  |  |  |
|---|---|---|
| HAR'RELL CHISOLM, PA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-159 |
| | ) | |
| 1ST BATTALION 75TH REGIMENT | ) | |
| EMPLOYEES OF THE U.S. ARMY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is the government's motion to dismiss this case for lack of subject matter jurisdiction. Doc. 10. This case arises from the tragic death of plaintiff's son, Staff Sergeant Avonye' Chisolm, a United States Army Ranger. *See generally* doc. 1 (Complaint). The government argues, among other reasons for dismissal, that this Court lacks subject matter jurisdiction over the plaintiff's claims. *See generally* doc. 11 (supporting brief); *see also* doc. 15 (reply brief providing further argument in favor of dismissal and asserting service defects). Plaintiff opposes. Doc. 13.

The Federal Rules of Civil Procedure dictate that an action *must* be dismissed if the Court determines, at any time, that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction

is no mere technicality.  As the Supreme Court has explained: "'For a court to pronounce upon [the merits] when it has no jurisdiction to do so,' [Cit] . . . 'is for a court to act ultra vires.'"  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101-02 (1998)).  The limitations of subject matter jurisdiction "keep the federal courts within the bounds the Constitution and Congress have prescribed."  *Id.*  In evaluating whether it has subject matter jurisdiction, the Court is not confined to the pleadings, as it often is when considering motions to dismiss.  *See, e.g., Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1170 (11th Cir. 2011) ("When a party challenges subject matter jurisdiction, the court is given the authority to resolve factual disputes, along with the discretion to devise a method for making a determination with regard to the jurisdictional issue." (quotes and cite omitted)).

The fundamental obstacle to the plaintiff's claims is the doctrine of sovereign immunity.  Although the government's brief mentions this longstanding (if not ancient) doctrine, it does not fully explain its

relevance here.  Given the plaintiff's clear and understandable emotional interest in this case, a more careful explanation is warranted.

The traditional, common-law principle of sovereign immunity was already well-established at this country's founding.  *See, e.g., United States v. Lee*, 106 U.S. 196, 205 (1882) (noting that "it is beyond question that from the time of Edward the First [1239-1307] until now the king of England was not suable in courts of that county, except where his consent had been given . . . .").  It is similarly clear that the principle applies to suits against the United States.  *See, e.g., United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and the existence of consent is a prerequisite to jurisdiction.").  This immunity extends to agencies of the United States, of which the Army is one.  *See, e.g., Feres v. United States*, 340 U.S. 135, 138 (1950) (discussing possibility that Federal Tort Claims Act waives immunity for military personnel negligence).

Whether the Court has jurisdiction over Chisolm's claims, then, depends upon whether the United States has waived its immunity.  As the Government correctly points out, it has not.  Even if the Court permitted Chisolm to amend his Complaint and name an entity capable

of being sued, *see* doc. 11 at 5 (arguing that neither the U.S. Army nor a specific battalion is an entity capable of being sued), and even if it limited its disposition of this case to permit refiling after proper exhaustion of administrative remedies, *see id.* at 5-6 (arguing for dismissal of claim, construed as Federal Tort Claims Act claim, for failure to exhaust administrative remedies), the *Feres* doctrine precludes a viable claim based on the facts plaintiff alleges.

The Supreme Court considered, in *Feres v. United States*, the viability of claims that "while on active duty and not on furlough, [active duty service members] sustained injury due to negligence of others in the armed forces." 340 U.S. at 138. The Court concluded that the Federal Tort Claims Act does not waive the United States' sovereign immunity and does not create "a new cause of action . . . for service-connected injuries or death due to negligence." *Id.* at 146. Subsequently, courts have applied the *Feres* doctrine broadly to injuries sustained by members of the Armed Services during their service. *See United States v. Johnson*, 481 U.S. 681, 686 (1987) ("[T]he *Feres* doctrine has been applied consistently to bar all suits on behalf of service members against the Government based upon service-related injuries."); *Starke v. United*

*States*, 249 F. App'x 774, 775 (11th Cir. 2007) ("'Where the claimant is injured on base while on 'active duty,' *Feres* applies virtually as a matter of law.'" (quoting *Watkins v. United States*, 462 F. Supp. 980, 986-87 (D.C. Ga. 1977), *aff'd by*, *Watkins v. United States*, 587 F.2d 279, 279 (5th Cir. 1979) (expressly adopting district court's reasoning)).  Thus, *Feres* and its progeny preclude tort claims arising incident to military service.

Plaintiff's Complaint is clear that Staff Sergeant Chisolm died while he was actively serving as a United States Army Ranger, stationed at Fort Stewart, Georgia.  *See generally* doc. 1.  Plaintiff does not specifically allege the circumstances of his son's death, but he doubts the Army's explanation that his son died in a parachute training accident. *See, e.g., id.* at 13, ¶ 40 (proffering to show "that it was physically impossible for SSgt. Avonye' Chisolm" to engage in parachute training because of injuries suffered in recent auto accidents); doc. 13 at 1, ¶ 3 (arguing "that [plaintiff's] son was very ill and physically incapable of performing any type of jump.").  However, the allegations make clear that, other than inferring from the circumstances, plaintiff does not know exactly what happened.

In support of its contention that this Court lacks subject matter jurisdiction, the Government has submitted the sworn affidavit of Todd Brown.   Doc. 15-1.   Brown testifies that he "managed administrative issues and the day-to-day operations of the Company" to which Staff Sergeant Chisolm was assigned. *Id*. at 1-2.  He further testifies that "[a]t the time of his death, SSG Chisolm was an airborne-qualified active member of the United States Army on hazardous duty orders.   At the time of his death he was participating in a nighttime airborne training exercise designed to maintain and improve unit readiness and proficiency."   *Id*. at 2, ¶ 5.   Plaintiff has not responded to Brown's affidavit.

The facts established in Brown's unrebutted testimony weigh unequivocally in favor of *Feres*' application.  The factors the Court must consider "are (1) the duty status of the service member, (2) the place where the injury occurred, and (3) the activity the serviceman was engaged in at the time of the injury." *Kitowski v. United States*, 931 F.3d 1526, 1528-29 (11th Cir. 1991) (quotes and cite omitted).   Brown's unrebutted testimony establishes that Staff Sergeant Chisolm was on active duty when the accident occurred and that it occurred during a

6

training exercise.  Both weigh in favor of applying *Feres*.  *See Kitowski*, 931 F.2d at 1529 (*Feres* properly applied to injury suffered by active duty serviceman participating in a training exercise).  Although it is not expressly stated in Brown's affidavit, it seems apparent from the Complaint and incorporated documents that there is no dispute that the injury occurred at Fort Stewart.  Thus *Feres* bars plaintiff's tort claims.

The other arguments plaintiff raises are closely analogous to those the Eleventh Circuit considered in *Kitowski*.  First, plaintiff's pleadings refer to the fact that Staff Sergeant Chisolm was in the process of separating from the Army.  *See, e.g.,* doc. 13 at 2, ¶ 9.  However, as in *Kitowski*, "[h]e had not been discharged . . . ."  931 F.2d at 1529.  Plaintiff also alleges his son's death constitutes "manslaughter" or "homicide."  *See* doc. 1 at 2, ¶ 2.  But *Kitowski* declined to find an "egregious conduct" exception to *Feres*.  931 F.2d at 1529-30.  Finally, plaintiff objects to the very existence of *Feres*, implying it should be overturned.  *See, e.g.,* doc. 13 at 5, ¶¶ 29-30.  As the Eleventh Circuit explained, they "ha[d] no authority to overrule a decision by the Supreme Court."  *Kitowski*, 931 F.2d at 1529.  This Court is constrained to apply not only Supreme Court precedent, but also decisions by the

Court of Appeals.  It is clear, therefore, that this Court *must* apply the *Feres* doctrine and find that it lacks subject matter jurisdiction to consider plaintiff's claims.

The late Justice Scalia opined that "*Feres* was wrongly decided and heartily deserves the widespread, almost universal criticism it has received." *Johnson*, 481 U.S. at 700-01 (Scalia, J. dissenting) (quotes and cite omitted).  His reasoning, however, did not win a majority; thus, this Court must apply *Feres*.  *See Kitowski*, 931 F.2d at 1529 (recognizing Justice Scalia's dissent as indicating "some support on the Supreme Court for overruling *Feres*," but "a majority of the Justices do not agree at this time.").  Although the government's motion should be **GRANTED** (doc. 10) and this case **DISMISSED**[1] for lack of subject matter jurisdiction, the Court wishes to conclude by recognizing Staff Sergeant Chisolm's service and his family's sacrifice.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court

---

[1]  Since this case should be dismissed, the government's motion to stay discovery is **DENIED as moot**.  Doc. 12.

and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 8th day of March, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA